

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Cassye Cole
*Assistant United States Attorney*

970 Broad Street, 7th floor
Newark, New Jersey 07102

Direct dial: 973-297-2023

June 15, 2022

**_Via Email_**
Dawn M. Florio
Dawn F. Florio Law Firm PLLC
488 Madison Avenue, 20th Floor
New York, NY 10022

Re:   Plea Agreement with Jose Luis Martinez

Dear Ms. Florio:

This letter sets forth the plea agreement between your client, Jose Luis Martinez ("MARTINEZ"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on July 5, 2022, if it is not accepted in writing by that date.

Charges

Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from MARTINEZ to a two-count Indictment, Criminal Number 20-127 (JMV), charging him with: Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d) (Count One); and Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two).

If MARTINEZ enters a guilty plea and is sentenced to a term of imprisonment within the range of 85 to 108 months and three years of supervised release on this charge (the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MARTINEZ for armed bank robbery or use of a firearm during the course of an armed bank robbery on or about January 5, 2017, in Hudson County, New Jersey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, MARTINEZ agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by MARTINEZ may be commenced against him, notwithstanding the expiration of the limitations period after MARTINEZ signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 18 U.S.C. §§ 2113(a) and 2113(d) charged in Count One of the Indictment to which MARTINEZ agrees to plead guilty carries a statutory maximum prison sentence of 25 years, and a maximum fine of the greater of: (1) $250,000; (2) twice the gross pecuniary gain to MARTINEZ; or (3) twice the gross pecuniary loss to any victims.

The violation of 18 U.S.C. § 924(c)(1)(A)(ii) charged in Count Two of the Indictment to which MARTINEZ agrees to plead guilty carries a statutory minimum prison sentence of 7 years and a statutory maximum prison sentence of life imprisonment, which must run consecutively to any term of imprisonment imposed for Count One.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MARTINEZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MARTINEZ ultimately will receive.

Further, in addition to imposing any other penalty on MARTINEZ, the sentencing judge: (1) must order MARTINEZ to pay an assessment of $100 per count ($200, here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order MARTINEZ to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; (4) may order MARTINEZ, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 18 U.S.C. § 3583, may require MARTINEZ to serve a term of supervised release of not more than 5 years on Counts One and Two, which terms of supervised

release will begin at the expiration of any term of imprisonment imposed. Should MARTINEZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MARTINEZ may be sentenced to not more than 3 years' imprisonment on Count One, and not more than 5 years' imprisonment on Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and MARTINEZ agree that a sentence within the range of 85 to 108 months' imprisonment and a term of supervised release of three years is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence MARTINEZ to a term of imprisonment within the range of 85 to 108 months, followed by a three-year term of supervised release. If, however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, MARTINEZ has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Restitution

MARTINEZ agrees to make full restitution for all losses resulting from the offenses of conviction, or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses.

Forfeiture

MARTINEZ agrees that, as part of his acceptance of responsibility: (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, he shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the Armed Bank Robbery charged in Count One of the Indictment; and (ii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), he shall forfeit to the United States, any firearm and ammunition involved in or used in the commission of the Armed Bank Robbery charged in Count One, or the firearm offense charged in Count Two of the Indictment.

MARTINEZ further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in Count One of the Information (the "Money Judgment"). Payment of the Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. MARTINEZ shall cause said check to be delivered to the Asset Forfeiture and Money

Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

MARTINEZ waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, MARTINEZ consents to the entry of a Consent Judgment of Forfeiture that will be final as to MARTINEZ prior to MARTINEZ's sentencing. MARTINEZ understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of MARTINEZ's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. MARTINEZ hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

MARTINEZ further agrees that not later than 90 days prior to his sentencing he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If MARTINEZ fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that MARTINEZ has intentionally failed to disclose assets on his Financial Disclosure Statement, MARTINEZ agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief. In addition, MARTINEZ consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, MARTINEZ knowingly and voluntarily waives his right to any required notice concerning the forfeiture of those assets and agrees to execute any documents necessary to effectuate the forfeiture of those assets.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MARTINEZ by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the

United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MARTINEZ's activities and relevant conduct with respect to this case.

Stipulations

This Office and MARTINEZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MARTINEZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and MARTINEZ waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Further, this Office and MARTINEZ agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. MARTINEZ further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the

judgement of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

Immigration Consequences

MARTINEZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. MARTINEZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MARTINEZ wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. MARTINEZ understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, MARTINEZ waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against MARTINEZ.

No provision of this agreement shall preclude MARTINEZ from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that MARTINEZ received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between MARTINEZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*CassyeCole*

By: Cassye Cole
Assistant U.S. Attorney

APPROVED:

_____
Jamel K. Semper
Deputy Chief, Criminal Division

I have received this letter from my attorney, Dawn M. Florio, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 7/19/2022
Jose Luis Martinez

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 7/19/2022
Dawn M. Florio, Esq.
Counsel for Defendant

Plea Agreement with Jose Luis Martinez

Schedule A

1. This Office and Jose Luis Martinez ("MARTINEZ") agree to stipulate to the following facts:

    a.    On or about on or about January 5, 2017, in Hudson County, New Jersey, MARTINEZ used force, violence, and intimidation to take approximately $35,000 from a bank and brandished a firearm while doing so.

    b.    MARTINEZ knowingly carried and used a firearm, during and in relation to a crime of violence, to wit, armed bank robbery.

    c.    In accordance with the above, the parties agree that, regardless of the total Guidelines offense level found to be applicable by the Court: (i) a sentence of imprisonment of 85 months to 108 months is reasonable under 18 U.S.C. § 3553(a); and (ii) neither party will argue for a sentence of imprisonment above or below 85 months to 108 months imprisonment.

2. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a.    Any proceeding to revoke the term of supervised release.

    b.    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).